**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZACHARY WAYNE SNOW, | No. 20-35520 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00305-DCN |
| v. | |
| CORIZON HEALTHCARE, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted March 16, 2021[**]

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Idaho state prisoner Zachary Wayne Snow appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth and Fourteenth Amendment violations arising from a failure to disclose all side effects of his medication. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo. *Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We vacate and remand.

The district court properly dismissed Snow's action because Snow failed to allege facts sufficient to state a plausible claim against Corizon under any potentially applicable standard. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a private entity is liable under § 1983 only if the entity acted under color of state law and a constitutional violation was caused by the entity's official policy or custom); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability).

However, dismissal without leave to amend of Snow's Fourteenth Amendment claim was premature because it is not "absolutely clear" that any deficiencies could not be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend should be given unless the

deficiencies in the complaint cannot be cured by amendment). Snow alleged that he filled out an Inmate Concern Form asking whether there were any side effects of his medications not listed on the medication consent form, and a staff member responded that the consent form included all side effects. Subsequently, Snow experienced serotonin syndrome, a rare but severe side effect that left him hospitalized for about one month. The prison then indicated that it would amend the consent form to make clear that not all side effects are listed in order to provide patients with an opportunity to ask questions regarding those additional side effects and obtain information on them as needed. With notice of the deficiencies from the district court, Snow may be able to allege a claim against Corizon or individual medical providers or prison officials for violation of his Fourteenth Amendment right to refuse medical treatment. *See Akhtar v. Mesa*, 698 17 F.3d 1202, 1212 (9th Cir. 2012) (before dismissing a pro se complaint, the district court must provide the litigant notice of the deficiencies to allow the litigant an opportunity to amend effectively); *cf. Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) ("The due process clause of the Fourteenth Amendment substantively protects a person's rights . . . to refuse unwanted medical treatment, and to receive sufficient information to exercise these rights intelligently." (citations omitted)). We vacate the judgment and remand for the district court to provide Snow with an opportunity to amend his Fourteenth Amendment claim.

20-35520

Snow's motion to appoint counsel (Docket Entry No. 3) is denied. However, we recommend that the district court consider appointing pro bono counsel to assist Snow in alleging his Fourteenth Amendment claim.

The Clerk will file the opening brief submitted at Docket Entry No. 5.

**VACATED and REMANDED.**